IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY THAMES,
No. 46421-039,

        Petitioner,

vs.                                                    CIVIL NO. 14-cv-01343-DRH

J.S. WALTON,

        Respondent.

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner, Terry Thames, currently incarcerated in the United States Penitentiary at Marion, Illinois, brings this *habeas corpus* action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence relative to credit for time served while he was in federal custody pursuant to a *writ of habeas corpus ad prosequendum*. *See United States v. Thames*, Case No. 11-cr-20713-MAG (E.D. Mich. 2012). This case is now before the Court for preliminary review pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    According to the petition, Thames was serving a state sentence in Kentucky when he was taken into federal custody pursuant to a *writ of habeas corpus ad prosequendum* so that he could be prosecuted on a federal gun charge. There is some suggestion in the petition that the state and federal charges were based on similar conduct. Thames was in federal custody on the writ for approximately 15

months. After pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Thames was sentenced to 57 months imprisonment, to be served concurrent to his un-discharged state sentence. Thames was returned to state custody, where he remained until his state sentence was discharged. He was then taken into federal custody.

Petitioner Thames contends that the 15 months he spent in federal custody should be credited toward his federal sentence. The Bureau of Prisons has denied Thames credit. It appears that Petitioner has exhausted his administrative remedies to no avail.

Petitioner would have the Court ignore 18 U.S.C. § 3585(b), which states:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

Petitioner was serving his Kentucky sentence when he was charged and taken into federal pretrial custody pursuant to a *writ of habeas corpus ad prosequendum*. He asserts that he is entitled to credit for the time spent in federal custody because it was not credited toward any other federal sentence. Thames ignores that Section 3585(b) does not permit affording credit to time that

has been credited toward another sentence, regardless of whether that is a state or federal sentence.

Petitioner is not entitled to dual state/federal credit *until* his federal sentence was pronounced, at which time his state and federal sentences began to run concurrently. Consequently, petitioner did receive the benefit of the concurrent sentence during the period he remained in state custody, until his state sentence ended and he was taken into federal custody.

The Court of Appeals for the Seventh Circuit has clearly upheld the exclusion in Section 3585(b) for time credited toward another sentence when a concurrent sentence has been handed down. *See United States v. Aslan*, 644 F.3d 526, 532 (7th Cir. 2011); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). Therefore, the petition for writ of habeas corpus fails on its merits.

**IT IS THEREFORE ORDERED** that, for the reasons stated, Terry Thames's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**December 17, 2014**

Digitally signed by David R. Herndon
Date: 2014.12.17 13:21:50 -06'00'

**District Judge**
**United States District Court**